IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABLE HOME HEALTH, LLC, on behalf of Plaintiff and the class members defined herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 21 C 2590 ) |
| WILLAMETTE VALLEY TOXICOLOGY LLC, doing business as WVT LABORATORY, and JOHN DOES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR PRELIMINARY APPROVAL**

Plaintiff Able Home Health, LLC ("Plaintiff") respectfully requests that this Court grant the Motion for Preliminary Approval of Settlement: (i) preliminarily certifying a class for settlement purposes; (ii) granting preliminary approval of the Settlement Agreement attached hereto as Appendix A; and (iii) appointing Able Home Health, LLC as a Class Representative and Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC as class counsel. In support of this motion, Plaintiff states as follows:

1. In the lawsuit captioned *Able Home Health, LLC v. Willamette Valley Toxicology LLC doing business as WVT Laboratory*, docket number 21 C 2590, pending in the United States District Court for the Northern District of Illinois, Eastern Division ("Litigation"), Able Home Health, LLC alleges that Willamette Valley Toxicology LLC ("WVT" or "Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2, and Illinois state law (conversion and trespass to chattels) by sending unsolicited advertisements via facsimile to Plaintiff and a class of individuals and entities.

1

2.     Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of Plaintiff and the class recovering damages, if any, in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3.     Based on this review and analysis, and following negotiations that commenced shortly after the complaint was filed in this case and after the parties engaged in informal discovery, Plaintiff and Defendant entered into the Settlement Agreement, attached hereto as Appendix A.[1]

4.     The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement, including, without limitation, the following:

   a.     Class Certification.  The parties agree to the certification of a class, for settlement purposes only, consisting of:

> All persons who on May 7, 2021 were successfully sent a facsimile substantially in the form of Exhibit A to the complaint in the above action that was sent by or on behalf of Willamette Valley Toxicology, LLC.

Based on a review of records produced by non-party, FaxPlus, and following a reasonable investigation of available information and records, Defendant stipulates for purposes of settlement that on May 7, 2021, 505 facsimiles were successfully transmitted to 504 unique fax numbers, which Plaintiff asserts are unsolicited facsimile advertisements as defined by the TCPA and were sent by or on behalf of Defendant.

   8.     Settlement Recovery. Defendant shall create a $138,375.00 Settlement Fund for the

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

2

benefit of the Settlement Class, Plaintiff and Settlement Class Counsel. If approved by the Court, the Settlement Fund will be distributed as follows:

    a.    All costs of notice and administration expenses will be paid from the Settlement Fund up to a maximum of $6,000.00. Any notice or administrative expenses that exceed $6,000.00, will be paid out of the Settlement Fund. The Settlement Fund less notice and administration expenses is the Net Settlement Fund.

    b.    The amount awarded by the Court to Settlement Class Counsel for its attorneys' fees and costs, which fees and costs shall be sought by Plaintiff, the Settlement Class, or Settlement Class Counsel in an amount no greater than 1/3 of the Net Settlement Fund. By way of example, if the costs of notice and administration are $6,000.00, then plaintiff may seek attorney's fees and costs in the amount of $44,125.00. This amount is subject to change based on the actual costs of notice and administration but will not exceed 1/3 of the Net Settlement Fund.

    c.    Plaintiff shall receive an award of $5,000.00 as an incentive award for its services as a Class Representative, subject to the Court's approval. This amount shall be in addition to any amount the Plaintiff may recover as a Settlement Class Member.

    d.    The Net Settlement Fund less the incentive award set forth in paragraph 8(c), *supra*, if approved by the Court, and the attorney's fees and costs set forth in paragraph 8(b), *supra*, if approved by the Court, is the Settlement Class Recovery. Each Identified Settlement Class Member[2] who does not opt out will receive a check for a pro rata distribution of the

---

[2] An Identified Settlement Class Member is a Settlement Class Member for whom the Settlement Class Administrator has found name and address information for the fax number contained on the Fax List for such Settlement Class Member or a Settlement Class Member who has timely provided to the Settlement Class Administrator his/her/its name and address information in response to the Notice and who was successfully sent the Notice by fax or by U.S. Mail.

Settlement Class Recovery ("Initial Distribution") per successful fax transmission. In calculating the amount of the per fax pro rata distribution, the total number of successful fax transmissions received by the Identified Settlement Class Members shall be divided into the Settlement Class Recovery to yield a "Share." Each Identified Settlement Class Member is to be paid by check a cash benefit equal to the number of faxes received by the Identified Settlement Class Member multiplied by the amount of a Share.

If after the Initial Distribution, there is sufficient money remaining in the Settlement Class Recovery to pay each Settlement Class Member who cashed his/her/its Initial Distribution a minimum of $15.00 each, then there shall be a second *pro rata* distribution of the Settlement Class Recovery to the Identified Settlement Class Members.

        f.      All settlement checks shall be void 61 days from the date of issuance and shall so state on the check. Any undistributed amounts remaining in the Settlement Class Recovery after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient(s), recommended by the parties and approved by the Court.

    9.    <u>Class Notice</u>. The Notice is attached to the Settlement Agreement as <u>Exhibit 1</u>. The Settlement Agreement provides for notice by fax. After a total of 3 unsuccessful attempts to transmit the Notice to a Settlement Class Member by fax, the Settlement Class Administrator shall determine if a valid mailing address is ascertainable for those fax numbers. If a mailing address is ascertainable, the Settlement Class Administrator shall send the Notice by First Class U.S. Mail, with a request for forwarding addresses, to the address associated with the fax phone numbers identified on the Fax List. The Settlement Class Administrator will check each address against the United States Post Office National Change of Address Database prior to the mailing. In the event a Notice is returned as undeliverable and without a forwarding address, the Settlement Class

4

Administrator shall make a reasonable attempt to locate an alternative address and send Notice as soon as practicable. In the event that a Notice is returned as undeliverable and a forwarding address is provided, the Settlement Class Administrator shall forward any such returned Notice to the address provided by U.S. Mail.

The Settlement Class Administrator may also create, maintain, and host a dedicated settlement website ("Settlement Website"). The Settlement Website shall provide the Settlement Class Members access to copies of the Settlement Agreement (excluding exhibits), Notice, <u>Exhibit A</u> to the compliant, the preliminary approval order, and Settlement Class Counsel's Fee Petition.

The Settlement Agreement provides that five (5) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class Administrator with the Fax List. Within thirty-five (35) days after entry of the Preliminary Approval Order, the Settlement Class Administrator shall cause Notice in the form of <u>Exhibit 1</u> to be disseminated to all person in the Settlement Class. Settlement Class Members will have sixty (60) days from the date the Notice is initially sent by fax sent to provide updated or corrected address information to the Settlement Class Administrator.

10. <u>Class Members' Right to Opt Out</u>. Any member of the Settlement Class may seek to be excluded from the Settlement Agreement and the releases therein by opting out of the Settlement Class within the time period set by this Court. Any member who opts out of the Settlement Class shall not be bound by the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. Settlement Class Members will have 60 days from the date the Settlement Class Administrator initially sends Notice by fax to opt out of the Settlement Agreement.

11. All Identified Settlement Class Members who do not opt out of the Settlement will

receive a Share from the Settlement Class Recovery. Settlement Class Members whose name and address information at the end of the Notice is correct, do not need to do anything to receive a Share from the Settlement Class Recovery. If the Settlement Class Member's name or address information is incorrect on the Notice, then the Settlement Class Member can provide correct name and address information to the Settlement Class Administrator in order to receive a Share from the Settlement Class Recovery in the proper name and at the proper address. If the Settlement Class Member's name or address information is blank on the Notice, then the Settlement Class Member must provide their name and address information to the Settlement Class Administrator in order to receive a Share from the Settlement Class Recovery. Name and address information may be submitted U.S. Mail or on the Settlement Website. Settlement Class Member information must be submitted to the Settlement Class Administrator 60 days from the date the Settlement Class Administrator initially sends Notice by fax.

   12. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Settlement Class Counsel and counsel for Defendant a written objection within the time period set by this Court. Any Settlement Class Member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Settlement Class Members will have 60 days from the date the Settlement Class Administrator initially sends Notice by fax to object to the Settlement Agreement.

   13. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of**

6

> **the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

    a.    <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which varies but is about 40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, 505 facsimiles were successfully transmitted by FaxPlus on behalf of WVT to 504 unique fax numbers on May 7, 2021 in the form of <u>Exhibit A</u> to the complaint. Plaintiff alleges that the faxes were unsolicited facsimile advertisements as defined in the TCPA and were sent on behalf of Defendant. This plainly satisfies the numerosity requirement.

b. <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to the Settlement Class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. *McClendon v. Continental Group, Inc.*, 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Spicer v. Chicago Board Options Exchange*, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether Defendant engaged in a pattern of sending unsolicited advertising facsimiles;

(2) Whether Defendant had obtained consent from or had a prior business relationship with any of the recipients of the alleged unsolicited advertising facsimiles;

(3) Whether Defendant thereby violated the TCPA;

8

    (4)  The manner in which Defendant compiled or obtained their list of fax numbers;

    (5)  Whether Defendant thereby violated the ICFA or Illinois state law (conversion and trespass to chattels).

  The Settlement Class is defined in terms of all persons who on May 7, 2021 were successfully sent a facsimile substantially in the form of <u>Exhibit A</u> to the complaint in the above action that was sent by or on behalf of Willamette Valley Toxicology, LLC.

  Several courts have certified class actions under the TCPA. *West Loop Chiropractic & Sports Injury Center, Ltd. v. North American Bancard, LLC*, 16 C 5856, 2018 U.S. Dist. LEXIS 132830 (N.D Ill. Aug. 7, 2018); *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd.*, 679 F.Supp. 2d 894 (N.D. Ill 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Transportation Institute v. Promo Dart, Inc.*, No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); *Kavu, Inc. v. Omnipak Corporation*, 246 F.R.D. 642 (W.D. Wash. 2007); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Airz. (App.) 94, 50 P.3d 844 (2002); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, LLC v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

    c.  <u>Rule 23(a)(3) – Typicality</u>. Rule 23 requires that the claims of the named

Plaintiff be typical of the claims of the Settlement Class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the members of the Settlement Class has been subjected to the same practice as the named Plaintiff, namely they are persons with fax numbers, who on May 7, 2021, were successfully sent faxes in the form of Exhibit A to the complaint by or on behalf of WVT.

    d.  Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Appendix B. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    e.  Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of members of the Settlement Class individually controlling the prosecution of separate claims is small because generally the members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions.

"[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." *Brady v. LAC, Inc.*, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

14. As set forth above, 505 facsimiles were successfully transmitted to 504 unique facsimile numbers on May 7, 2021 in the form of Exhibit A to the complaint, which Plaintiff allege are unsolicited facsimile advertisements as defined by the TCPA and were sent by or n behalf of WVT. The total theoretical liability for a non-willful violation of the TCPA based on the number of faxes is $252,500 ($500 x 505 = $252,500).

Prior to entering into the proposed Settlement Agreement, plaintiff's counsel examined Defendant's financial statements and insurance policies. Plaintiff's counsel received additional information from Defendant's counsel regarding specific risk factors affecting the Defendant's finances, and considered all of the information provided in arriving at a settlement amount and manner that would most effectively compensate the class. Plaintiff and Defendant negotiated a comprehensive settlement that confers substantial economic relief to all class members. All Identified Settlement Class Members who do not opt out are eligible to receive a Share of the Settlement Class Recovery.

15. Counsel for Plaintiff and the proposed Settlement Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of Exhibit 2 to the Settlement Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Able Home Health, LLC as a Class Representative and Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iii) directs the dissemination of the Class Notice in the form of Exhibit 1 to the Settlement Agreement by fax or First Class U.S. Mail as set forth in the Settlement Agreement, and (iv) sets dates for submission of corrected or updated Class Member Information, opt-outs, appearances and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

                 Respectfully submitted,

                 s/ Heather Kolbus
                 Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Heather Kolbus, hereby certify that on September 1, 2021, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which caused notification to be sent via email to the following party:

    Bart Thomas Murphy - bart.murphy@icemiller.com
    ICE MILLER LLP
    2300 Cabot Drive, Suite 455
    Lisle, IL  60532

                                        *s/ Heather Kolbus*
                                        Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200