IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABLE HOME HEALTH, LLC, on behalf of Plaintiff and the class members defined herein, | |
| Plaintiff, | No. 21-cv-02590<br>Judge Franklin U. Valderrama |
| v. | |
| WILLAMETTE VALLEY TOXICOLOGY LLC, doing business as WVT LABORATORY, and JOHN DOES 1-10, | |
| Defendants. | |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

The Court grants Plaintiff's Unopposed Motion for Preliminary Approval [19]. Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's motion, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes

the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the Settlement Class) is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons who on May 7, 2021 received a facsimile substantially in the form of Exhibit A to the complaint in the above action that was sent by or on behalf of Willamette Valley Toxicology, LLC.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative is typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect

the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Able Home Health, LLC as Class Representative of the Settlement Class and finds that it meets the requirements of Rule 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Rule 23: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the

Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6. The Court approves, as to form and content, the Notice of Class Action Settlement attached to the Settlement Agreement as **Exhibit 1** and finds that the Parties' proposed plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted.

7. The Court appoints Class-Settlement.com as the Settlement Class Administrator.

8. Within thirty-five days after the entry of this Order, Class-Settlement.com shall send the Notice via fax substantially in the form of **Exhibit 1**, to those identified on the Fax List. The Settlement Class Administrator shall make at least two additional attempts to transmit the Notice by fax to those numbers where the initial transmission failed. If the transmission is successful on the second attempt, a third attempt need not be made. After a total of three unsuccessful attempts to transmit the notice to a Settlement Class Member, the Settlement Class Administrator shall determine if a valid mailing address is ascertainable for those fax numbers on the Fax List. If a mailing address is ascertainable, the Settlement Class Administrator shall mail the Notice to the Settlement Class Member via First Class U.S. mail, with a request for forwarding addresses, to the address ascertained that is associated with the fax number identified on the Fax List. The Settlement

Class Administrator will also create a website that allows for electronic submission of corrected or updated address information, and posts the Class Notice, <u>Exhibit A</u> to the complaint, Preliminary Approval Order, Fee Petition and Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit.

      9.      To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice:

      (a)      Updated or corrected address information shall be returned by Class Members online or by fax on or before February 7, 2022.

      (b)      Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendant's Counsel on or before February 7, 2022, or shall be forever barred. Each objection must contain the following information: (i) the objector's name (or business name, if the objector is an entity), address, and the fax number to which the fax(es) were sent; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and counsel for Defendant by mail postmarked on or before February 7, 2022, or shall be forever barred.

(d) Requests by any Class Member to opt out of the settlement must be mailed to Settlement Class Counsel or the Settlement Class Administrator postmarked on or before February 7, 2022, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the fax number (to which the fax(es) were sent) of the person or entity seeking exclusion; and (b) a signed statement providing that the Class Member requests to be excluded from the proposed Settlement Class in the Litigation.

10. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by March 9, 2022.

11. The final approval hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on March 22, 2022 at 9:30 a.m. The call-in number is (888) 808-6929 and the access code is 5348076. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to

future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

12. All papers in support of the Settlement Agreement shall be filed no later than March 9, 2022. Any responses to objections shall be filed with the Court on or before March 9, 2022. There shall be no replies from objectors. The parties shall file any *cy pres* recommendations with the Court by March 9, 2022.

13. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

14. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

15. Costs associated with notice, claims administration, and distribution of settlement checks shall come from the Settlement Fund up to a maximum of $6,000.00. Any notice and administrative expenses beyond $6,000.00 would be paid solely by Settlement Class Counsel, in addition to the Settlement Fund. Defendant shall advance costs of notice and administration from the Settlement Fund to the Settlement Class Administrator or Settlement Class Counsel fourteen (14) days after entry of this Order.

16. Within five (5) days after this Order is entered Defendant shall provide the Settlement Class Administrator with the Fax List in MS Word or Excel format. The Fax List shall also contain the number of fax transmissions successfully sent to

each unique fax number on the list as well as any names and addresses of the Settlement Class Members.

17. Defendant shall within five (5) business days prior to the date set by the Court for the final approval hearing, issue a check or wire in the amount of the Net Settlement Fund to the Client Trust Account of Settlement Class Counsel or the account of the Settlement Class Administrator for the benefit of the Settlement Class. Settlement Class Counsel or the Settlement Class Administrator agree to hold such funds in trust for the benefit of the Settlement Class Members and shall not disburse any funds from the Net Settlement Fund prior to the Effective Date unless in accordance with the Settlement Agreement or as ordered by the Court.

18. Settlement Class Counsel to file their fee petition by December 8, 2021.


Dated: October 29, 2021

                                                      United States District Judge
                                                    Franklin U. Valderrama