# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABLE HOME HEALTH, LLC, on behalf of Plaintiff and the class members defined herein,<br><br>Plaintiff,<br><br>v.<br><br>WILLAMETTE VALLEY TOXICOLOGY LLC, doing business as WVT LABORATORY, and JOHN DOES 1-10,<br><br>Defendants. | No. 21-cv-02590<br>Judge Franklin U. Valderrama |

## FINAL APPROVAL ORDER

On October 29, 2021, this Court entered an order granting preliminary approval (the Preliminary Approval Order) of the settlement between plaintiff Able Home Health, LLC (Plaintiff), on its behalf and on behalf of the Settlement Class (as defined below), and defendant Willamette Valley Toxicology, LLC (WVT, or Defendant), as memorialized in the Settlement Agreement (the Settlement Agreement).

On March 22, 2022, the Court held a final approval hearing (the Hearing), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Fee

Petition, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order and the Settlement Agreement.

**Class Certification**

4. The previously certified class (the Settlement Class) is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons who on May 7, 2021 were successfully sent a facsimile substantially in the form of Exhibit A to the complaint in the above action that was sent by or on behalf of Willamette Valley Toxicology, LLC.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c)

Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Plaintiff is designated as the representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the form of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and where the facsimile transmission failed after three attempts by U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort. The Class Notice, Exhibit A to the complaint, and Settlement Agreement (without exhibits), Preliminary Approval Order and the Fee Petition were posted on www.class-settlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best

notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. No persons or entities have validly requested exclusion from the Settlement Class.

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall provide a total of $138,375.00 to create a Settlement Fund, less any costs advanced for notice and administrative expenses up to a maximum of $6,000.00 pursuant to the Settlement Agreement. Defendant has already paid $5,350.00 for notice and administrative expenses. No portion of the Settlement Fund shall revert back to Defendant.

## Releases

13. Upon entry of this Order, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Class Counsel's petition for attorneys' fees. The Court awards Class Counsel the sum of $44,431.66 as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees and expenses are fair and reasonable. This payment shall be made fourteen (14) days after the Effective Date.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards $5,000.00 to Plaintiff. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund, and be made fourteen (14) days after the Effective Date

**Other Provisions**

16. The Parties to the Settlement Agreement shall carry out their respective obligations under the Settlement Agreement and this Order.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or this Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

19. Class Counsel or the Settlement Class Administrator shall make the *cy pres* payment to the Electronic Privacy Information Center, the *cy pres* beneficiary, forty-five (45) days after expiration of the void date on the Class Members' checks.

20. Class Counsel and/or the Class Administrator shall file a declaration of final accounting of the settlement by October 11, 2022, if there is no Second Distribution. If there is a Second Distribution, the Settlement Class Administrator shall file a declaration of final accounting by January 23, 2023.

23. The Court hereby dismisses this case with prejudice and without costs.

Dated: March 22, 2022

United States District Judge
Franklin U. Valderrama